## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**J.T. BLAKNEY**                                                                              **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:16CV368-LG-RHW**

**FED EX, et al.**                                                                        **DEFENDANTS**

## <u>ORDER OF DISMISSAL</u>

This matter is before the Court *sua sponte* for consideration of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of the Complaint filed by *pro se* Plaintiff J.T. Blakney.  The Court previously informed Plaintiff that it was of the opinion that the Complaint fails to state a claim pursuant to the federal RICO statute or otherwise.  *See* Fed. R. Civ. P. 12(b)(6).  The Court thus gave Plaintiff an opportunity to file an Amended Complaint, including filing a RICO Statement as required by Local Uniform Civil Rule 83.8.  (*See* Order, ECF No. 3); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).  The Court also specifically cautioned Plaintiff that failure to file the Amended Complaint and RICO Statement would result in dismissal of this action.  Nevertheless, Plaintiff has not complied with the Court's Order or otherwise shown why his claims should not be dismissed.  Accordingly, the Court will dismiss this action without prejudice pursuant to Rule 12(b)(6).

Plaintiff has sued Fed Ex, U.S. Postal, ATT, Cable One, Parcel Postal, Rite Aid, Long Beach Police, CSL Plasma, Mississippi Power, Waste Pro, and AMR Ambulance Service.  He alleges that these Defendants have violated RICO and

committed fraud by "importing drugs across interstate lines, using the residence of Guice Place and Saw Grass" and that he has "witnessed the transport and import for over 10 years and residents kids are in my neighborhood."  (*See* Compl., ECF No. 1).

"To state a civil RICO claim under any subsection in 18 U.S.C. § 1962, there must be: (1) a person who engaged in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Jackson v. Nat'l Ass'n for Advancement of Colored People*, 546 F. App'x 438, 441-42 (5th Cir. 2013) (citation and quotation marks omitted).  In addition, "[a] plaintiff must establish standing to bring a civil RICO claim."  *Id.* at 442.  To do so, he "must satisfy two elements . . . : injury and causation."  *See id.*

Construing Plaintiff's allegations liberally in his favor, the Court is of the opinion that those allegations still fail to establish *any* of the necessary requirements to state a RICO claim, much less all of them.  Plaintiff does not even identify what section or sections of § 1962 he claims have been violated.[1]  Instead, the Complaint "is essentially incomprehensible with respect to whether matters constituting valid RICO claims . . . against the respective defendants are stated and if so what these claims are."  *See Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1219 (5th Cir. 1989).

---

[1] The Court also finds that to the extent Plaintiff's RICO allegations are premised on fraud – and this remains unclear – he has failed to comply Federal Rule of Civil Procedure 9(b).  *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

2

**IT IS THEREFORE ORDERED AND ADJUDGED** that this action is

**DISMISSED WITHOUT PREJUDICE**.  The Clerk is **ORDERED** to mail a copy

of this Order to Plaintiff at the address provided.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

3